CASE 42—ACTION BY LENA FOSTER AGAINST CUMBERLAND TELEPHONE
&  TELEGRAPH  COMPANY  FOR  INJURY  TO  A  BUILDING.—JAN. 20.

# Cumberland Telephone & Telegraph Co. v. Foster.

### APPEAL FROM GREEN CIRCUIT COURT.

### JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

### ADJOINING LANDOWNERS—INJURY TO BUILDING—LATERAL SUPPORT—TENANT IN DOWER—EVIDENCE—DAMAGES.

Held:  1. Where, in an action for injuries to a building, plaintiff's witness testified that it would cost from $400 to $600 to repair the same, while defendant's witness fixed the cost of repairs as low as fifty dollars, a verdict in favor of plaintiff for $400 was not excessive.

2. In an action for injuries to a building, evidence HELD to justify a verdict finding that the injury was caused by defendant's act in withdrawing lateral support, and not from inherent defects in the construction of the building, in addition to the effect of a violent windstorm thereon.

3. Where a husband left surviving him, his widow and an infant son, who lived with her, and she was in possession of a building which was a part of her husband's estate, and was entitled to dower therein, and to control the same, but dower had never been allotted to her from any of her husband's real estate, her infant son was not a necessary party to an action by her to recover for injuries to the building.

JOHN McCHORD, ATTORNEY FOR APPELLANT.

The damage sued for in this action is, that appellant, in the construction of its lines, sunk an anchor adjacent to the foundation of appellee's building in a negligent manner, whereby the natural lateral support of the wall was weakened, causing the wall to crack.

The jury allowed her $400 damages.

We submit:

1. The building is a small two story office building of four small rooms; the lower story is occupied as a law office and the upper story as an exchange by appellant. The building cost about $1,000, and considering the damage done to it, the verdict is excessive and is not sustained by the evidence.

2. The plaintiff was not the owner of the building, which fact was made to appear on the trial, and appellant then offered and moved to file an amended answer alleging that fact, which the court refused to allow filed. Her interest therein being a one-third interest for life, she was only entitled to recover in proportion to her interest. Civil Code, sec. 134.

NOGGLE & GRAHAM, FOR APPELLEE.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The amended answer did not contain a statement of facts which the defendant could have been allowed to avail itself of in defending this action, or at least it did not materially add to the defense. Duis v. Fisher, 65 S. W., 337, 23 R., 1425; O'Bryan v. City of Owensboro, 68 S. W., 858, 24 R., 469.

2. The allowance or rejection of an amended pleading is not usually a cause for reversal, unless there has been a manifest abuse of discretion of the court. After issue has been joined, an offer to amend is always addressed to the sound discretion of the court. Greer v. City of Covington, 83 Ky., 416; Bliss Code Pleading, sec. 431.

3. The appellee is the only person who can sue for the damages sustained to the building. She being liable for all waste

Cumberland Telephone & Telegraph Co. v. Foster.

and damages to the building by whomsoever committed. Am. & Eng. Ency. of Law, 28 vol., 892; Haulenbeck v. Cronkright, 8 N. J. Eq., 407; Kent Com., 4 vol. 77. Tiedeman on Real Property, sec. 78; Washburn on Real Property, 1 vol., 117, sec. 35; Chitty on Pleadings, 1 vol., 71; Kentucky Statutes, sec. 2328; Hill v. Ragland, &c., 70 S. W., 638, 24 R., 1053; L. & N. R. R. Co. v. Murphy, 15 R., 444; Ky. Lumber Co. v. Sears, 13 R., 926.

'4. A new trial will not be granted because of excessive damages, unless the damages are so great as to strike the mind at first blush as having been superinduced by passion or prejudice. C. & N. R. R. Co. v. Brown, 12 R., 468.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

Appellant seeks the reversal of a judgment of $400 recovered against it by the appellee in the Green circuit court in an action wherein it was averred in the petition that it had, without her consent, injured a brick building, of which she is the owner, to her damage in the sum of $1,000, by negligently digging into the ground on her lot adjacent to the foundation thereof, and sinking a log anchor for the support of its poles and wires, whereby the natural lateral support of the wall was weakened, causing the foundation to give away, and the wall of the building to crack and become so shattered as to render it unsafe and greatly impair its value. The averments of the petition, except as to appellee's ownership of the house and lot, were specifically denied by the appellant's answer, which, in addition, admitted that there was slight injury to the building, but that such injury was caused alone by the defective construction of the building and a violent windstorm. The affirmative matter contained in the answer was controverted by reply, and upon the issues thus formed the parties proceeded to trial, with the result mentioned. Numerous grounds were urged in support of the motion for a new trial, all of which were regarded by

the lower court as insufficient; consequently a new trial was refused.

One of the grounds was that the verdict of the jury was flagrantly against the evidence, and the amount thereof excessive; another, that the court erroneously refused to give the peremptory instruction asked by the appellant, and, instead, misinstructed the jury; another, that the court further erred in refusing to permit the filing of an amended answer offered by the appellant at the conclusion of all the evidence, and before the beginning of the argument to the jury.

As to the first ground, it is sufficient to say that all the witnesses for appellee testified fully and intelligently as to the nature and extent of the injury to her building  Some of them were the builders of the house, and many of them testified that the cost of repairing and restoring it to its former state would amount to $600, and others to not less than $400, the sum allowed by the jury.    And practically all of them agreed in their testimony as to the fact that the work of appellant's servants in digging the hole and placing the anchor near the foundation of the building had produced the injury complained of.    It is true that the witnesses introduced in behalf of the appellant testified to the effect that the building was defectively constructed, and that its defective construction, together with a violent windstorm, caused the injury complained of; furthermore, that the cost of replacing it would fall far short of the amount fixed by the appellee's witnesses.    In fact, some of appellant's witnesses fixed the cost of repairing the building as low as $50.    It will be seen, therefore, that the evidence was conflicting.    But it was the province of the jury to reconcile it, and to determine the weight and effect to be given to the testimony of each set of witnesses, or any one or more of them; and, besides, they were permitted to view the building and premises, in

charge of an officer of the court, whereby they were the better enabled to arrive at a correct verdict. But while the evidence was conflicting as to the cause of the injury to appellee's building, there can be no doubt that it was injured to such an extent as to render it unsafe for occupancy.

It appears from the evidence that the ground floor of the building was used by appellee, her father and brother, as an office, and the second floor by appellant as an office and telephone exchange, and, further, that the latter's servants in charge of the exchange realized that the building was unsafe, and communicated that fact to appellant, for it gave appellee written notice thereof, and that it would remove its office and exchange therefrom unless the building was immediately repaired, and in fact did remove the same without allowing appellee opportunity to make the repairs necessary to restore the building. Under such circumstances, we think it would have been improper for the trial court to have disturbed the verdict upon the ground that it was unsupported by the evidence, or that the amount thereof was excessive. It is equally clear that a peremptory instruction would have been improper. Such an instruction in behalf of the defendant is proper only where there is no evidence upon which to base a verdict for the plaintiff.

As to the refusal of the court to give instructions, "a," "b," and "c" asked by the appellant, it may be said that instruction "a" would have been unobjectionable, but for the use therein of the word "independent." Instructions "b" and "c" properly expressed the law, but as both were fully included in the language of instructions one, two, and three given by the court on his own motion, it was not error to reject them. The instructions that were given covered every aspect of the case, contained all the law necessary

to be presented to the jury, and were doubtless readily under-stood by them.

But appellant's principal contention is that the lower court erred in refusing to permit it to file the amended an-swer offered. The amended answer was not offered until all the evidence was in, and the argument to the jury was about to begin. It, in substance, denied the appellee's sole ownership of the building in controversy, and averred that it had been owned by her husband, who died intestate, leaving an infant child—a son—and that this building, together with such other real estate as was left by the husband, descended, under the statute, to his infant son, subject to appellee's right of dower; that dower had not been allotted to her out of the realty left by her husband, and that her only interest in the building, for injury to which she was suing in this action, was that of dower; and, further, that these facts were first discovered by appellant during the hearing of the evi-dence. As will be seen from the authorities cited further on in this opinion, the fact set up by the amended answer would not have defeated a recovery by the appellee. The court did not err, therefore, in refusing to allow it to be filed.

It is admitted by counsel for appellant that appellee is entitled to dower in the house and lot in controversy, that she is now in the possession and control of the property, and that dower has not been allotted her from any of the real estate owned by her husband at his death. We may assume, therefore, that she is legally in possession of the house and lot, and will be entitled to its possession until dower is as-signed her. If so, it was her duty to protect the same from injury at the hands of appellant and all others. In 1 Wash-burn on Real Property, section 294, it is said: "With the above exception (injuries resulting from accident, by the

act of God, public enemies, or of the law), the tenant is bound to protect the premises from waste, even against strangers, or is responsible to the reversioner for the same, and may have his remedy against the wrongdoer. . . ." "Tenant by curtesy," says Lord Coke, "tenant in dower, tenant for life, years, etc., shall answer for the waste done by a stranger, and shall take their remedy over." 1st Inst., 54a; 2d, 145-303. In Cook v. The Champlain Transportation Co., 1 Denio, 91, which was an action on the case by the assignees of an unexpired lease for a term of years for negligently destroying a mill erected by the plaintiffs on the premises, it was held that "the destruction of such building by means of the negligent acts of a third party was waste, for which the tenant was responsible to the lessor, and that the lessee or his assignee was entitled to recover the whole value of such building in an action against the party guilty of the negligence." The same rule was followed in Austin v. Hudson River R. Co., 25 N. Y., 334. "The tenant by curtesy and in dower, and for life or years, are answerable for waste committed by a stranger, and they take their remedy over against him; and it is a general principle that the tenant, without some special agreement to the contrary, is responsible to the reversioner for all injuries amounting to waste done to the premises during his term, by whomsoever the injuries may have been committed. . . ." 4 Kent's Com., 77. "The tenant is not responsible for damages done by the act of God, the public emenies, or by the law. But he is obliged to protect the premises from waste by strangers, and for the acts of such persons he is responsible to the reversioner." Tiedeman on Real Property, section 78.

Foster T. Foster, the infant son of appellee and her deceased husband, lives with her. She is his statutory guardian, and owes to him the duty of caring for him and the

property which he inherited from his father, in which she is entitled to dower. Though he might properly have been made a party to the action, he was not a necessary party. For any injury that may be done the property by others, she, as tenant in dower, and also by virtue of section 2328, Ky. St., 1903, will be responsible to the reversioner; consequently the person inflicting injury to the property will be responsible to her therefor. The injury to, the property for which she recovered a verdict and judgment in this case was not so much an injury to the inheritance, for which an action might have been brought by infant heir or for him, but rather an injury which affected appellee's enjoyment and use of the property as tenant in dower; and upon this principle, as well as upon the theory of responsibility to the reversioner, we think she was entitled to recover in this case. The injury to the building, though serious, is one that can be repaired, and, it is to be presumed, will be repaired by her out of the sum which may be paid to her in satisfaction of her judgment against the appellant. At any rate, if such repairs are not made, she, and not the appellant, will be liable to the infant heir.

For the reasons herein given, the judgment is affirmed.